UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CRUZ,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL ACTION NO. 1:16-cv-00011<br><br>(CONNER, J.)<br>(SAPORITO, M.J.) |

## REPORT AND RECOMMENDATION

On January 5, 2016, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by petitioner David Cruz on December 28, 2015. (Doc. 1). At the time of filing, Pagan was incarcerated at FCI Schuylkill, located in Schuylkill County, Pennsylvania.

Cruz challenges his conviction and sentence in the United States District Court for the District of New Jersey for conspiracy to possess and distribute cocaine, possession with intent to distribute and distribution of cocaine, retaliatory killing of federal criminal informant, conspiracy to defraud the United States, and use of a firearm during a crime of violence. *United States v. Cruz*, Case No. 3:39-cr-00730 (D.N.J. Mar. 13, 1998), *aff'd*, 187 F.3d 627 (3d Cir. 1999) (table decision), *cert. denied*, 120 S. Ct. 228

(1999) (mem.). He was sentenced to three concurrent terms of life in prison for the drug conspiracy, drug possession and distribution, and witness murder charges, a concurrent term of five years in prison for the fraud charge, and a consecutive term of five years in prison for the firearms charge. *Id.* The petition asserts that he is actually innocent of the crimes for which he was convicted, and that he was denied the effective assistance of counsel because his trial counsel failed to conduct an adequate investigation, failed to move to suppress certain witness identification testimony, and failed to renew a pretrial motion to suppress certain other evidence.

Cruz has previously attempted to challenge his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting the very same ineffectiveness of counsel claims raised in the instant petition, and this original § 2255 motion was denied on its merits by the sentencing court. *See Cruz v. United States*, No. 3:99-cv-06015 (D.N.J. June 20, 2000), *certificate of appealability denied*, No. 00-2037 (3d Cir. Apr. 6, 2001), *cert. denied*, 122 S. Ct. 297 (2001) (mem.). Cruz filed additional motions or petitions for relief in the sentencing court, each of which was similarly denied or

dismissed. *See Cruz v. United States*, No. 3:01-cv-04684 (D.N.J. Jan. 10, 2002) (denying petition for a writ of coram nobis), *aff'd*, 53 Fed. App'x 226 (3d Cir. 2002) (table decision), *cert. denied*, 123 S. Ct. 1608 (2003) (mem.); *Cruz v. United States*, No. 3:10-cv-01515 (D.N.J. May 27, 2010) (denying Rule 60(b) motion), *certificate of appealability denied*, No. 10-2699 (3d Cir. Nov. 4, 2010), *cert. denied*, 131 S. Ct. 1702 (2011) (mem.). He has previously attempted to obtain leave to file a successive § 2255 motion as well, without success. *See In re Cruz*, No. 09-4265 (3d Cir. Mar. 1, 2010).

Cruz has also previously filed § 2241 petitions in this and another court, seeking habeas relief pursuant to the "savings clause" of § 2255, each of which was denied for failure to demonstrate that a § 2255 remedy was inadequate or ineffective. *See Cruz v. United States*, Case No. 2:05-cv-04337 (C.D. Cal. Oct. 24, 2005), *certificate of appealability denied*, No. 06-55056 (9th Cir. July 25, 2006), *cert. denied*, 127 S. Ct. 841 (2006) (mem.); *Cruz v. United States*, Civil Action No. 1:08-CV-0829, 2008 WL 2717758 (M.D. Pa. July 11, 2008), *aff'd*, 303 Fed. App'x 133 (3d Cir. 2008) (per curiam), *cert. denied*, 130 S. Ct. 491 (2009) (mem.); *see also Cruz v. United States*, Case No. 1:08-cv-00829 (M.D. Pa. July 26, 2013) (denying Rule 60(b) motion), *aff'd*, 537 Fed. App'x 26 (3d Cir. 2013) (per curiam), *cert.*

*denied*, 134 S. Ct. 1568 (2014) (mem.). Cruz has even pursued relief directly from the Supreme Court of the United States. *See In re Cruz*, 132 S. Ct. 835 (2011) (mem.) (denying petition for an extraordinary writ as frivolous or malicious).

Now, Cruz has filed this, his third § 2241 petition, and no less than his *ninth* attempt to collaterally attack his federal conviction and sentence. Under these circumstances, this petition might ordinarily be denied as an abuse of the writ. *See Sanders v. United States*, 373 U.S. 1, 15–17 (1963) (same ground presented in prior application); *see also McCleskey v. Zant*, 499 U.S. 467, 489–96 (1990) (new ground omitted in prior application); *Sanders*, 373 U.S. at 17–19 (same). But, in the absence of a showing that Cruz's § 2255 remedy is inadequate or ineffective, this Court lacks jurisdiction to proceed even that far. *See* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726–27 (M.D. Pa. 2001).

Under § 2241, a federal prisoner may challenge the *execution* of his sentence—such as a claim concerning the denial or revocation of parole, or the loss of good-time credits—in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld*

*v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown*, 167 F. Supp. 2d at 726 ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio*, 369 F.2d at 395 ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, Cruz challenges the imposition of his

sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio*, 369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require a federal prisoner to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown*, 167 F. Supp. 2d at 726–27. Cruz cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead. *Brown*, 167 F. Supp. 2d at 727 (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

Cruz argues in favor of this Court's exercise of jurisdiction under 28 U.S.C. § 2241 that he is "actually innocent" of the offense for which he was convicted. But merely asserting "actual innocence" does not render the § 2255 remedy inadequate or ineffective. *See Brown v. Bledsoe*, 367 Fed. App'x 294, 295 (3d Cir. 2010) (per curiam). Indeed, Cruz has failed to present any new evidence of his *factual* innocence at all, but merely

argument that his conviction is legally and procedurally defective. *See House v. Bell*, 547 U.S. 518, 536–37 (2006); *Galeano v. United States*, Civil No. 08-2392 (JEI), 2008 WL 2705018, at *3 & n.3 (D.N.J. July 8, 2008). Nor has he shown that the conduct for which he was convicted has been decriminalized by a subsequent Supreme Court decision. *See In re Dorsainvil*, 119 F.3d 245, 253 (3d Cir. 1997) (Stapleton, J., concurring) ("§ 2255 is 'inadequate or ineffective' in a situation in which a successive petitioner can allege both that the Supreme Court, since his last petition, has interpreted the statute under which he was convicted in a new way and that his conduct was lawful under the statute as subsequently interpreted."); *see also Chapman v. Mairoanna*, 521 Fed. App'x 44, 46 (3d Cir. 2013) (per curiam); *Galeano*, 2008 WL 2705018, at *3 & n.5. Under similar circumstances, the Third Circuit has repeatedly held that a federal prisoner's claim challenging the constructive amendment of his indictment at trial may not be brought under § 2241, but instead must be raised by § 2255 motion in the sentencing court. *See Young v. Yost*, 363 Fed. App'x 166, 168–69 (3d Cir. 2010) (per curiam); *Fonseca v. Sherman*, 229 Fed. App'x 183, 184–85 (3d Cir. 2007) (per curiam); *In re Fonseca*, 182 Fed. App'x 100, 100–01 (3d Cir. 2006) (per curiam).

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED** without prejudice to the petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.

**Dated: January 8, 2016**              *s/ Joseph F. Saporito, Jr.*
                                        **JOSEPH F. SAPORITO, JR.**
                                        **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CRUZ, | |
| Petitioner, | CIVIL ACTION NO. 1:15-cv-00011 |
| v. | (CONNER, J.) <br> (SAPORITO, M.J.) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated January 8, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: January 8, 2016**         *s/ Joseph F. Saporito, Jr.*
                                   **JOSEPH F. SAPORITO, JR.**
                                   **United States Magistrate Judge**